REED (CANFIELD v.). See Case No. 2,381.

## Case No. 11,642.

### REED v. CARUSI.

[Taney, 72;[1] 8 Law Rep. 410.]

Circuit Court, D. Maryland. Nov. Term, 1845.

COPYRIGHT — MUSICAL COMPOSITION — AUTHOR — INFRINGEMENT—LIMITATION OF ACTION —DOCKETING.

1. It is for the jury to determine, upon the whole evidence, whether the person obtaining a copyright for a musical composition was the author of it or not.

2. If the musical composition was borrowed altogether from a former one, or was made up of different parts, copied from older musical compositions, without any material change, and put together into one tune, with only slight and unimportant alterations or additions, then the composer was not the author, within the meaning of the act of congress.

[Cited in Perry v. Starrett, Case No. 11,012.]

3. But the circumstance of its corresponding with older musical compositions, and belonging to the same style of music, does not constitute it a plagiarism, provided the air in question was, in the main design, and in its material and important parts, the effort of the composer's own mind.

4. The copyright is primâ facie evidence that he was the author, and the burden of proof is upon the defendant to show the contrary.

5. The defendant is liable for an infringement of the copyright of a musical composition, "if he caused it to be engraved, either on the whole, or by varying, adding to, or diminishing the main design, with intent to evade the law;" "or if he caused it to be printed for sale, in such manner and for such purpose."

6. But he is not liable, unless the musical composition caused to be engraved, or printed for sale by him, is the same with that for which the copyright is secured, in the main design, and in its material and important parts, altered to evade the law.

7. Nor is he liable, although it is the same in these respects, provided it was not taken from the piece for which the copyright was obtained, but was the effort of his own mind, or taken from an air composed by some other person who was not a plagiarist, from the piece for which such copyright was obtained.

8. There can be no recovery for any infraction of the copyright, not committed within two years before action brought.

9. But every printing for sale is a new infraction of the copyright, although the plates used were engraved more than two years before the institution of the action.

10. Where a suit was docketed, by consent, in November, "as of April term" preceding: *held*, that so far as limitation is concerned, the suit will be taken as brought on the first day of the April term.

This was an action of debt [by George P. Reed against Samuel Carusi], under the act of congress passed 3d February, 1831 (section 7 [4 Stat. 438]), for the infringement of a copyright obtained in the year 1840, by the assignor of the plaintiff, for the music of the well-known ballad called "The Old Arm Chair." The action was, on the 4th November, 1844, docketed, by consent, "as of April Term, 1844," the April term commencing on the first Monday in that month.

[This was an action qui tam, to recover the sum of two thousand dollars, for an infraction of the plaintiff's copyright to the ballad of "The Old Arm Chair," averred to be the composition of Henry Russell, and was founded upon the seventh section of the act of congress, of February 3d, 1831, entitled, "An act to amend the several acts respecting copyright," which enacts, "that if any person or persons, after the recording of the title of any print, cut, or engraving, map, chart, or musical composition, according to the provisions of this act, shall, within the term or terms limited by this act, engrave, etch, or work, sell or copy, or cause to be engraved, etched, worked, or sold, or copied, either or the whole, or by varying, adding to, or diminishing the main design, with intent to evade the law, or shall print or import for sale, or cause to be printed or imported for sale, any such map, chart, musical composition, print, cut, or engraving, or any parts thereof, without the consent of the proprietor or proprietors of the copyright thereof first obtained in writing, signed in the presence of two credible witnesses; or knowing the same to be so printed or imported, without such consent, shall publish, sell, or expose to sale, or in any manner dispose of any such map, chart, musical composition, engraving, cut, or print, without such consent, as aforesaid; then such offender or offenders shall forfeit the plate or plates on which such map, chart, musical composition, engraving, cut, or print shall be copied, and also all and every sheet thereof, so copied or printed as aforesaid, to the proprietor or proprietors of the copyright thereof; and shall further forfeit one dollar for every sheet of such map, chart, musical composition, print, cut, or engraving, which may be found in his or their possession, printed, or published, or exposed to sale, contrary to the true intent and meaning of this act; the one moiety thereof to the proprietor or proprietors, and the other moiety to the use of the United

---

[1] [Reported by James Mason Campbell, Esq., and here reprinted by permission.]

States, to be recovered in any court having competent jurisdiction thereof."

[It was contended, on the part of the defendant: (1) That Russell's song of "The Old Arm Chair" was not an original composition. (2) That Carusi's song of the same name was a different musical composition; being an alteration of a song called "New England," composed by Mr. Stoddard, subsequent to the date of the copyright of Russell's song; the copyright to "New England" being the property of Carusi. To sustain the first point, evidence was introduced to prove that portions of Russell's song were taken from two older airs, to wit, "The Blue Bells of Scotland," and "The Soldier's Tear." To sustain the second point, the testimony of various experts in music was introduced, and the two songs exhibited. The witnesses, in the main, agreed that there was a resemblance, though not an identity, in the airs of the songs of Russell and Carusi. The jury found a verdict for the plaintiff for two hundred dollars, under the following directions of the court, which settle the law, in this circuit, on the points involved.] [2]

J. H. B. Latrobe, for plaintiff.

Wm. F. Frick and Francis Brinley, for defendant.

TANEY, Circuit Justice. 1. The defendant is not liable to this action, unless the jury find that Russell was the author of the musical composition called "The Old Arm Chair," for which he obtained a copyright in 1840; and it is for the jury to decide, upon the whole evidence, whether he was or was not the author. If the said musical composition was borrowed altogether from a former one, or was made up of different parts, copied from older musical compositions, without any material change, and put together into one tune, with only slight and unimportant alterations or additions, then Russell was not the author within the meaning of the law; but the circumstance of its corresponding with older musical compositions, and belonging to the same style of music, does not constitute it a plagiarism, provided the air in question was, in the main design, and in its material and important parts, the effort of his own mind. The copyright is primā facie evidence that he was the author, and the burden of proof is upon the defendant to show the contrary.

2. If the jury find that Russell was the author of the said musical composition, then the defendant is liable to this action, if, in the language of the act of congress, "he caused it to be engraved, either on the whole, or by varying, adding to, or diminishing the main design, with intent to evade the law;" "or if he caused it to be printed for sale, in such manner and for such purpose." But he is not liable, unless the musical composition caused to be engraved or printed for sale by him, is the same with that of Russell, in the main design, and in its material and important parts, altered, as above mentioned, to evade the law; nor is he liable to this action, although it is the same in these respects, provided it was not taken from Russell's, but was the effort of his own mind, or taken from an air composed by some other person, who was not a plagiarist from that of Russell.

3. If the jury find against the defendant upon the two preceding instructions, yet he is not liable in this action, unless he was guilty of the infraction of the copyright within two years before this action was brought; but if the plates were engraved more than two years before, yet every printing for sale caused by the defendant, would be a new infraction of the right; and if such printing was within two years before the suit was brought, the defendant is liable in this action. Under the agreement endorsed by counsel, upon the declaration, the suit, so far as limitation is concerned, must be regarded as brought on the first Monday in April, 1844.

4. If the jury find the defendant liable, they will find the number of copies caused to be printed for sale by him, within two years before the suit was brought, and find the debt at the rate of one dollar for each sheet he may have caused to be so printed for sale.

Verdict and judgment for $200.

[2] NOTE [from 8 Law Rep. 410]. We understand the practice in Maryland to be thus: The evidence is closed on both sides; the respective counsel then draw up what are called prayers, in which they embrace such legal propositions as they think the evidence will warrant, and these points are then argued by counsel at length, the jury quietly looking on, perhaps for days. The court grant or refuse such prayers, as in their legal judgments they should allow or reject; they may reject all, (as in Reed v. Carusi,) and commend their own views, as in that case. In either case, the counsel must then argue the facts to the jury, taking care to keep within the rules of the court in the prayers. The jury have nothing to do but find the facts, and this without any charge from the court. The courts never charge the jury, as in Massachusetts, for instance. Their opinions of law are announced, in answer to the prayers, called their rulings. Of course the instructions in Reed v. Carusi, which are copied from the original in the handwriting of Chief Justice Taney, are equivalent to an opinion, where the practice is different; for instance in Massachusetts. It is the law in this circuit, until reversed. As disclosing the views of the chief justice, upon a statute but little the subject of judicial exposition, as to musical compositions, it is an interesting case.