### HEIN et al. v. HARRIS.

#### (Circuit Court, S. D. New York. January 26, 1910.)

COPYRIGHTS (§ 75*)—INFRINGEMENT—MUSICAL COMPOSITION.

The right of the author of a musical composition which has been copyrighted to protection against infringement does not depend upon the musical merit of the piece, nor is it affected by the fact that he has borrowed in general from the style of his predecessors, unless he has so substantially copied from some other that to the ear of the average person the two melodies appear to be the same.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 65; Dec. Dig. § 75.*]

In Equity. Suit by Silvio Hein and Marie Cahill against Charles K. Harris. On motion for preliminary injunction. Motion granted.

This is a motion for an injunction pendente lite to restrain the infringement of a copyright upon a song called "The Arab Love Song." The defendant is a publisher of a song entitled "I Think I Hear a Woodpecker Knocking at My Family Tree." The complainant does not assert that his song is infringed in the words, or in any part of the melody except the chorus; but he does assert that in the chorus the defendant so closely imitates the melody of his own chorus that it constitutes an infringement of his copyright. Each chorus consists of 17 bars of common measure; the complainant's written in the key of three flats, the defendant's in that of one flat. The defendant denies the infringement, and likewise asserts that the complainant in the melody of his chorus has colorably imitated other songs of similar type, especially the songs

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

entitled "Bon Bon Buddy," "The Glow Worm," "By the Sycamore Tree," and the "Mobile Prance." He likewise urges that the complainant has shown too much laches to be entitled to a temporary injunction; but he does not dispute the existence of complainant's copyright, except in so far as the melody may have been borrowed from the songs just mentioned.

Wilder, Ewing & Patterson, for complainants.
A. H. Rosenfeldt, for defendant.

HAND, District Judge. I have no difficulty in finding that the defendant's song is an infringement of the complainant's. They are written in the same measure, called "common time," and each is in the minor mode. It is true that the keys are different; but this is a distinction which is of no consequence to the ears of all but those especially skilled in music, and, indeed, even among persons skilled in music the power to distinguish two keys when they are not played in immediate juxtaposition is by no means universal. If the melody of the defendant's chorus be transposed into the key of three flats, it exhibits an almost exact reproduction of the complainant's melody. Each consists of 17 bars, of which the first, second, third, fourth, and fifth are alike, almost note for note. The quantity of the notes is not precisely similar; but when they are played in succession it would take the ear of a person skilled in music to distinguish between them. The sixth bar of the defendant's melody is unlike that of the complainant's; but even this difference is not great, and justifies an inference that the change may have been colorable. The seventh bars are likewise unlike. The eighth and ninth, upon the other hand, have a striking similarity. The tenth, eleventh, and twelfth in each melody are repetitions of the second, third, and fourth, and are therefore duplicates. The fourteenth, fifteenth, sixteenth, and seventeenth are quite dissimilar. Therefore, out of a total of 17 bars, the first 13 are substantially the same in each song; and whether or not the defendant, as he alleges, had never heard the complainant's song, when he wrote his chorus, the chorus certainly is an infringement, and the complainant under his copyright is entitled to protection.

The complainant's own melody is not measurably like the songs "By the Sycamore Tree," "The Glow Worm," and the "Mobile Prance." It is, however, in its opening bar very similar to the first two bars of the chorus of the song "Bon Bon Buddy." The exact similarity, however, between these two, is limited to the first bar. The second bar of each chorus is not so similar as to justify the charge that it is an imitation, and the most that I can say is that the opening theme of the complainant's chorus may in a measure have been suggested to him by the phrase in question from "Bon Bon Buddy." The defendant urges with much truth that both his own and the complainant's songs are in the lowest grades of the musical art. The vogue which for a number of years that style of composition has obtained, which is popularly known as "rag-time," has resulted in the production of numberless songs, all of the same general character. It has been a fact that they each bear strong resemblance to each other, and to any expert ear they have a monotonous similarity, which only adds to the general degradation of the style of music which they represent.

But the right of the author of a musical composition is not affected by the fact that he has borrowed in general from the style of his predecessors. The collocation of notes, which constitutes the composition, becomes his own, even though strongly suggestive of what has preceded, and it ceases to be an invention, and becomes an infringement, only when the similarity is substantially a copy, so that to the ear of the average person the two melodies sound to be the same. Therefore the lack of originality and musical merit in both songs, upon which the defendant insists, is of no consequence in law. While the public taste continues to give pecuniary value to a composition of no artistic excellence, the court must continue to recognize the value so created. Certainly the qualifications of judges would have to be very different from what they are if they were to be constituted censors of the arts.

The complainant has undoubtedly delayed long. Had the defendant shown any prejudice resulting from that delay, I should not grant the temporary injunction; but I can see no damage which has been done, except to the complainant, by the continuance of the infringement, and therefore I do not think that the laches is significant.

In directing the writ to go, I am much fortified in the opinion of Mr. Justice Bischoff of the Supreme Court of the state. whose qualifications as a musician are so well known, and whose judgment is so excellent, not only upon this peculiar matter, but in general upon anything which concerns the administration of justice, that it gives me much assurance of the correctness of my own opinion when I find myself in accord with him.

Let a writ go pendente lite forbidding the defendant from publishing the chorus of his song, "I Think I Hear a Woodpecker Knocking on My Family Tree."