HEIN et al. v. HARRIS.

(Circuit Court of Appeals, Second Circuit. November 14, 1910.)

No. 66.

COPYRIGHTS (§ 52*)—INFRINGEMENT OF COPYRIGHT FOR MUSICAL COMPOSITION—DEFENSES.

Under Rev. St. § 4952, as amended by Act March 3, 1905, c. 1432, 33 Stat. 1000, which gives the author of a musical composition who has complied with its provisions the sole liberty of printing, publishing, and vending the same, it is no defense to a suit to enjoin infringement of such a copyright that defendant did not knowingly copy complainant's composition, but without knowledge of it independently produced substantially the same thing.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 50; Dec. Dig. § 52.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from the Circuit Court of the United States for the Southern District of New York.

Suit in equity by Silvio Hein and Marie Cahill against Charles K. Harris. From an order granting a preliminary injunction (175 Fed. 875), defendant appeals. Affirmed.

A. H. Rosenfeld, for appellant.

Wilder, Ewen & Patterson (John Ewen, of counsel), for appellees.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

PER CURIAM. The order appealed from restrains defendant during the pendency of the action from publishing, selling, producing, or making use of the music in the chorus of the song known as the "Arab Love Song" in the operetta "The Boys and Betty." Hein made affidavit that he composed the music and took out copyright in conjunction with one Daniel Arthur, author of the words, who subsequently assigned his interest in the copyright to complainant Cahill. The infringement is found in the chorus of a song entitled, "I Think I Hear a Woodpecker Knocking at My Family Tree," in the musical comedy known as "The Golden Girl," and has been published by defendant. We do not think it necessary to add anything to Judge Hand's discussion of the music of the two choruses and of the earlier pieces from which it is contended that Hein substantially took the chorus of his "Arab Love Song." We concur with him in the conclusion that complainant's composition discloses sufficient novelty to be entitled to copyright, and that the chorus published by defendant infringes it.

One point not discussed in the court below is relied upon and may be briefly considered. Defendant contends that in order to infringe a copyright the defendant must have actually copied or pirated the production of the plaintiff, and not merely, while ignorant, have himself produced substantially the same thing. The case cited in support of this proposition is S. S. White Dental Company v. Sibley, (C. C.) 38 Fed. 751. This is not applicable, holding merely that, by copyrighting a chart showing engraved illustrations of artificial teeth made by plaintiff, a monopoly was not secured of that plan of advertising. An authority which apparently sustains defendant's contention, however, is found in Reed v. Carusi, Fed. Cas. No. 11,642, where Mr. Justice Taney held, in the case of a musical composition, that defendant was not liable for producing a piece, the same in all important parts, if it was not taken from the plaintiff's, but was the effort of defendant's own mind. That cause, however, was an action to recover penalties under the seventh section of the act of 1831, which expressly provided that there might be recovery if defendant's act was "with intent to evade the law."

The cause now before us involves only the property right of the original composer in his copyright. The act in force when this copyright was issued (Rev. St. U. S. § 4952, as amended by Act March 3, 1905, c. 1432, 33 Stat. 1000) provides that the author of a musical composition, upon complying with the provisions of the copyright

statute, shall have the sole liberty of printing, publishing, and vending the same. We are referred to no authority, and know of no reason for holding that the person to whom this right is secured may not maintain it by injunction against another person who threatens to invade it.

The order is affirmed, with costs.