ITALIAN BOOK CO., Inc., v. ROSSI et al.

District Court, S. D. New York. July 9, 1928.

Copyrights ⊂⊃12—Musical composition, containing theme of old song, but differing in words and music, held to support copyright claim.

Musical composition, containing theme of old song, but differing in words and music, which was attended with commercial success, *held* to support claim of copyright as against infringer.

In Equity. Suit by the Italian Book Company, Inc., against Ernesto Rossi and others. Decree for plaintiff.

Frank, Weil & Strouse, of New York City, for plaintiff.

Levisohn, Niner & Levisohn, of New York City, for defendants.

THACHER, District Judge. When Paolo Citorello, a Sicilian sailor, sang and played his guitar on a long ocean voyage, Sicilian folk songs he had heard and forgotten came back to his memory. He did not know how to read music, and such parts of the words and music as he could remember he sang and played by ear. What he could not remember he improvised. In this way he learned a song which he claimed as his own composition. At the end of the voyage he sang and played it to the representative of a company manufacturing phonograph records. The score was arranged for him by another, and upon his application a copyright was obtained, which he assigned to the plaintiff. The defendants have copied the copyrighted song, claiming that it is an old Sicilian folk song, the words of which were published as early as 1871.

How much of Citorello's composition was subconscious repetition of this old song, as he had heard it sung, and how much of it was original with him, no one can say. No doubt he had heard some variation of the old song and was trying to remember it, but the product differed in words and music from any version of it that has been proved, although the theme was the same and the music quite similar. To the extent of such differences he was the author of the new arrangement of the words and music of an old song. That these differences were of some importance may be inferred from the plaintiff's commercial success in selling it and the defendants' desire to appropriate it. There must have been something which Citorello added which brought the old song back into popularity with his own people in this country, and sufficient, I think, to support his claim of copyright. Gerlach-Barklow Co. v. Morris & Bendien, 23 F. (2d) 159 (C. C. A. 2d). Of course, the defendants could make their own improvisation of the old song, or could copy it without change. They were free to copy the original, but not to copy Citorello's variation. I am satisfied that they did not go back to the original, but simply appropriated the Citorello song, making colorable changes in a clumsy effort to conceal their infringement.

Decree for plaintiff in usual form.