## FREUDENTHAL v. HEBREW PUB. CO. et al.

District Court, S. D. New York.
April 2, 1942.

Leonard Zissu, of New York City, for plaintiff.

Philip Wittenberg, of New York City, for defendants.

BRIGHT, District Judge.

This action is brought to restrain an infringement of a copyright of a musical composition and for damages. The complaint is framed in two causes of action. Both allege that between January 1, 1934, and May 16, 1939, Sh. Shalom and Moshe Rappaport, citizens of Palestine, created, composed and wrote, respectively, the text and music of a musical composition entitled Hora Haemek Hu Chalom, that on May 16, 1939, plaintiff received from the Register of Copyrights a certificate of registration for the composition. The first cause of action alleges an infringement of the copyright by the publication and sale of a book entitled "Manginoth Shirenynu", which contained virtually a complete copy of the text and music. The second cause of action alleges such infringement by the de-

fendants in the publication and sale of a book entitled "Shirenynu", which contained virtually a complete copy of the text of said musical composition.

■ Plaintiff, in order to recover, has the burden of proving (1) that he is the proprietor of a valid copyright, which includes proof (a) that the work was original, (b) that he had taken the necessary steps to comply with the statute as to registering, (c) that the work had not been published before securing the copyright, and (d) that he has title to the copyright; and (2) that the defendants have infringed. Amdur Copyright Law and Practice, pp. 1053, 1054; Davies v. Bowes, D.C., 209 F. 53-55, affirmed 2 Cir., 219 F. 178.

■ There was offered and received in evidence the certificate of registration, which shows, upon its face, that it was issued to the plaintiff Transcontinental Music Co. of New York, N. Y., for a musical composition entitled, Hora, poem by Sh. Shalom and music by Moshe Rappaport of Palestine, voice and piano, Hebrew and English texts; that there was publication on May 16, 1939, and the copies required by the statute were received May 19, 1939. The copyright is entered in "Class E, pub. No. 77,305". The certificate is prima facie evidence that plaintiff is the proprietor and has title to the copyright, Fred Fisher, Inc., v. Dillingham, D. C., 298 F. 145-148. Gerlach-Barklow Co. v. Morris & Bendien, 2 Cir., 23 F.2d 159–161. M. Whitmark & Sons v. Calloway, D.C., 22 F.2d 412; that plaintiff had taken the necessary steps to comply with the Copyright Law, 17 U.S.C.A. § 1 et seq., as to registering and has a valid copyright, Berlin v. Evans, D.C., 300 F. 677–679; and that the persons named therein were the authors, Vitaphone Corp. v. Hutchinson Amusement Co., D.C., 28 F.Supp. 526–529; Gerlach-Barklow Co. v. Morris & Bendien, supra, Reed v. Carusi, 20 Fed. Cas. page 431, No. 11,642. The certificate carries with it a presumption of regularity, Pizzano v. Knowles & Co., D.C., 37 F.Supp. 118, Callaghan v. Myers, 128 U.S. 617–655, 9 S.Ct. 177, 32 L.Ed. 547. The complaint alleges that the musical composition was original and had not previously been published. Plaintiff has given proof through himself and the witnesses Cohen, Rothenberg, Yasser and Binder, that the composition was an original one and had never before been published. In view of the pleading and proof, the burden was upon the defendants to show otherwise and they have not met that burden.

■ The second essential is whether or not the defendants have infringed. It was admitted upon the trial that the plaintiff's song was the same as that published by the defendants. A comparison of both shows that the lyrics and the text are identical. There can be no question but that there was a copying, and, therefore, an infringement. It is difficult to suppose that "such parallelism could be the result of coincidence only". Fred Fisher, Inc., v. Dillingham, supra [298 F. 147]. Even if the defendants did not knowingly copy plaintiff's composition, that would be no defense. Hein v. Harris, 2 Cir., 183 F. 107. Substantial identity creates a presumption of unlawful copying which must be overcome by the defendants. Encyclopedia Britannica Co. v. American Newspaper Association, C.C., 130 F. 460–464, affirmed 3 Cir., 134 F. 831.

■ Defendants do not claim authorship nor that their work emanated from any authorship independent of the authors of plaintiff's song. They prove that the song was heard in the latter part of 1936 and in 1937 and was used in some of the schools in this vicinity. The mere fact that it was heard prior to the time specified in plaintiff's bill of particulars, is not decisive or a real defense. There is no showing but that the infringed article was a copying of the very song now claimed by the plaintiff. Italian Book Co. v. Rossi, D.C., 27 F.2d 1014. A copying from memory would be an infringement. Edwards & Deutsch Lithographing Co. v. Boorman, 7 Cir., 15 F.2d 35–37, certiorari denied 273 U.S. 738, 47 S.Ct. 247, 71 L.Ed. 867. Even under the defendants' theory there was no prior publication which would exclude plaintiff from the benefit of his copyright. American Tobacco Co. v. Werckmeister, 207 U.S. 284–299, 28 S.Ct. 72, 52 L.Ed. 208, 12 Ann.Cas. 595. The possession of the manuscript by the plaintiff is evidence of his ownership and is sufficient as against the defendants who have no rights in the premises. Since the creators and authors of the musical composition did not take out any copyright, there was no need of a formal assignment from them. Houghton Mifflin Co. v. Stackpole Sons, Inc., 2 Cir., 104 F.2d 306–311, certiorari denied 308 U.S. 597, 60 S.Ct. 131, 84 L.Ed. 499.

Plaintiff is, therefore, granted a decree for injunction and damages, which are fixed at $250, together with costs and $250 attorney's fee.

Proposed findings may be presented by plaintiff's attorney, through the clerk, upon three days notice to defendant's attorney, who may file such objections as he may have to the same.