**SHAPIRO, BERNSTEIN & CO., Inc. v. MIRACLE RECORD CO., Inc.**

No. 49 C 954.

United States District Court
N. D. Illinois, E. D.
March 8, 1950.

On Motion for New Trial
May 29, 1950.

474

Schaeffer & Schaeffer, Morton Schaeffer Chicago, Ill., for plaintiff.

Edward H. Norton and Seymour Tabin, Chicago, Ill., for defendant.

IGOE, District Judge.

This is a suit for infringement of copyright. Plaintiff claims that defendant's musical composition "Long Gone" infringes plaintiff's musical composition "Yancey Special". It is agreed by the parties that the trebles of both compositions are different; it is agreed that the basses are identical. Infringement, if any, must therefore be in the bass.

Trial was had in this court, and both parties submitted evidence. Oral argument was waived and the case was submitted on simultaneous briefs. The plaintiff later filed a reply brief.

Defendant denies infringement on four grounds: (1) That the bass is old in the art; (2) That the bass is the product of mechanical skill, not composition; (3) That the alleged composer of "Yancey Special" was not the original composer; and (4) That the alleged composer of "Yancey Special" abandoned his rights to copyright and dedicated his composition to the public.

It is my opinion, and I so decide, that Lewis, the composer of plaintiff's composition "Yancey Special" was not the original composer of the bass in question. My decision is of course influenced by my opinion of the relative credibility of the various witnesses who appeared before me. An examination of the record discloses the following corroborative evidence:

(1) James Yancey, an apparently disinterested witness, testified that he and not Lewis is the composer of the bass in question.

(2) Lewis testified that he named the composition "Yancey Special" having James Yancey in mind; and Lewis could offer no logical reason why he should have used Yancey's name in the title. Yancey testified, and Lewis admitted, that Lewis heard Yancey play the piano long prior to the date when Lewis allegedly composed the bass in question.

(3) Lewis stated that Yancey's bass is the same as his own, Lewis, bass, but Lewis' bass uses a staccato beat.

(4) Defendant produced six other apparently disinterested witnesses who testified that they had heard the bass in question prior to the time Lewis claims to have composed it.

Lewis' testimony contains several flagrant contradictions, particularly his denial that he had James Yancey in mind when he named the composition "Yancey Special"; he readily admitted that he did have Yancey in mind when his testimony on deposition was called to his attention.

Plaintiff's evidence that none of Yancey's recorded or published works contained the bass in question, is at best negative evidence and does not exclude the possibility either that James Yancey is the composer of the bass in question, or that some one else having composed it, Yancey played said bass before Lewis claims to have composed it. We need not decide whether Yancey is the composer; whether he is or not, it is clear from the evidence that the bass in question is now in the public domain.

It is not necessary to discuss the other defenses raised. I might say briefly, however, that I agree with the defendant that this bass is too simple to be copyrightable; that it is a mechanical application of a simple harmonious chord; and

that the purpose of the copyright law is to protect creation, not mechanical skill. I might also add that the evidence is that Lewis abandoned his rights, if any, to a copyright by permitting his composition to be produced on phonograph records and sold some time before copyright. It seems to me that production and sale of a phonograph record is fully as much a publication as production and sale of sheet music. I can see no practical distinction between the two. If one constitutes an abandonment, so should the other.

Judgment for defendant. Under the copyright law, plaintiff is liable for defendant's costs, expenses and attorneys' fees, and this court reserves jurisdiction to determine reasonable attorneys' fees and to assess costs and expenses.

### On Motion for New Trial.

Plaintiff moved for a new trial; on May 12, 1950, this court heard oral argument. Plaintiff also filed a brief. While our decision rests on several grounds, the brief addresses itself only to one subject. The brief argues that phonograph records are not copies of a musical composition, that public sale of records therefore cannot constitute publication of the musical composition, and that sale of records prior to copyright therefore does not destroy common law rights in the musical composition.

It seems to me that publication is a practical question and does not rest on any technical definition of the word "copy". Nor do the notice and registration provisions of the Copyright Act § 1 et seq., 17 U.S.C.A. § 1 et seq., determine the issue here. Modern recording has made possible the preservation and reproduction of sound which theretofore had disappeared immediately upon its creation. When phonograph records of a musical composition are available for purchase in every city, town and hamlet, certainly the dissemination of the composition to the public is complete, and is as complete as by sale of a sheet music reproduction of the composition. The Copyright Act grants a monopoly only under limited conditions. If plaintiff's argument is to succeed here, then a perpetual monopoly is granted without the necessity of compliance with the Copyright Act.

It has been held that the "common law property" in a particular rendition of a musical composition ended with the sale of the records. RCA Mfg. Co. v. Whiteman, 2 Cir., 1940, 114 F.2d 86, 88. This is very close to our case, and the reasoning of the opinion applies with equal force to the case at bar.

It is my opinion that when Lewis permitted his composition to be produced on phonograph records and permitted those records to be sold to the general public, the common law property in the musical composition did not survive the sale of the phonograph records, and the public sale of those records was a dedication of the musical composition to the public. It is unnecessary to discuss other points raised in the oral argument on plaintiff's motion for a new trial.

Motion for new trial is overruled.