Leonard SMITH, Plaintiff,

v.

GEORGE E. MUEHLEBACH BREWING
COMPANY, Defendant.

No. 9492.

United States District Court
W. D. Missouri, W. D.

March 13, 1956.

Paul Scott Kelly, Wade & Kelly, Kansas City, Mo., Roland Gidney, Kansas City, Mo., for plaintiff.

John R. Moberly, George Schwegler, Jr., Watson, Ess, Marshall & Enggas, Kansas City, Mo., for defendant.

RIDGE, District Judge.

Plaintiff makes claim against defendant for infringement of copyright for a musical composition entitled "Tic Toc". At pre-trial conference it was stipulated that the issue of law as to whether such musical composition is or was a proper subject of copyright in light of the public domain defense asserted by defendant, should first be submitted to the Court for determination upon the pleadings and depositions, as modified by the pre-trial order entered herein, before the parties were put to expense of trial. We now proceed to determine that legal issue. The facts in respect thereto are not in dispute.

June 24, 1953, plaintiff lodged with the Register of Copyrights, under Section 5(e), Title 17 U.S.C.A., a claimed unpublished musical composition, entitled "Tic Toc," which may be verbally described as follows: "Tic Toc, Tic Toc, Time for Muehlebach," scored to notes "C" and "G" in the musical key of "C", and claimed copyright to both the "words and music" of such composition. Defendant asserts that said composition, as to words, music and arrangement, is totally within the public domain and not subject to copyright as a musical composition under Section 5(e), supra. Specifically, it is defendant's position that the plaintiff, by merely lyrically combining "Tic Toc" and "Time for Muehlebach" with two notes in a common musical scale, to produce the sound and tempo of a clock ticking—all material in the public domain—, has not produced or created anything distinguishably his own, such as might take the resultant material out of the public domain and give it copyright protection. Plaintiff admits that the words "Tic Toc" are within the public domain and not subject to copyright. Plaintiff also admits that the expression "Time for Muehlebach" has been published before the date of his claimed copyright by the defendant without copyright and that such phrase has thereby been dedicated to the public domain. As to the musical score of his jingle, plaintiff states that he is not a musician, that he did not create or originate that part of the jingle in question, but had a friend of his, who was a musician, "write down the music" to produce the sound of a clock ticking. (Plf's Depo., p. 11.)

The claim of originality which plaintiff makes to sustain his asserted copyright chiefly rests in the proposition "that the words 'Tic Toc, Tic Toc, Time for Muehlebach' have never been used together for any purpose prior to the date of his claimed copyright," and that he is entitled to have such combination separately protected under copyright. No claim is here made by plaintiff as to any common-law property right in the jingle in question. "Plaintiff has no evidence of specific claims for damage and will rely for the amount of recovery herein on statutory damages allowed by the copyright laws." (Pre-Trial Order.) Such statutory damages cannot be recovered in a common-law action depending on diversity of citizenship and requisite jurisdictional amount. Eisman v. Samuel Goldwyn, Inc., D.C., 23 F.Supp. 519. Having no evidence of specific damages resulting from any conduct of defendant here complained of, plaintiff could not in good faith state a common-law claim against defendant within the jurisdiction of this Court under the facts here involved. Therefore, unless plaintiff can sustain his claim of "copyright" he has no right to maintain the instant action.

In considering whether plaintiff's alleged musical composition is a proper subject of copyright under Section 5(e), supra, it must be kept in mind that a musical composition as an idea or intellectual conception is not subject to copyright, either as to its words or music. Cf. White-Smith Music Pub. Co. v. Apollo Co., 2 Cir., 139 F. 427, affirmed 209 U.S. 1, 28 S.Ct. 319, 52 L.Ed. 655. It is

the words and music of a song, or jingle, considered as a unitary whole, which is the subject of copyright. As said in Shapiro, Bernstein & Co. v. Jerry Vogel Music Co., 2 Cir., 161 F.2d 406, 409, "The words and music of a song constitute a 'musical composition' in which the two contributions merge into a single work to be performed as a unit for the pleasure of the hearers; they are not a 'composite' work, like the articles in an encyclopedia, but are as little separable for purposes of copyright as are the individual musical notes which constitute the melody." Hence plaintiff's jingle, as a subject of copyright, should be considered as a single original work from the standpoint of its melody and lyrics, and not disjointedly, nor from the standpoint of the intellectual conception thereby expressed. If, however, a song or jingle as a whole is subject to copyright, then plagiarism of any substantial component part would, of course, constitute copyright infringement. Section 3, Title 17 U.S.C.A.; Fred Fisher, Inc., v. Dillingham, D.C., 298 F. 145.

> "To be copyrightable a work must be original in that the author has created it by his own skill, labor, and judgment. If he takes matter which has been dedicated to the public by publication without copyright and adds thereto materials which are the result of his own efforts a copyright thereon is not void, but is valid as to the new and original matter. However, the degree of protection afforded by the copyright is measured by what is actually copyrighted in the publication and not by the entire publication." Dorsey v. Old Surety Life Ins. Co., 10 Cir., 98 F.2d 872, 873, 119 A.L.R. 1250.

"Originality" in the above context means that the material added to what is in the public domain, must have aspects of "novelty" and be something more than a trivial addition or variation. Cf. Chamberlin v. Uris Sales Corporation, 2 Cir., 150 F.2d 512. If what is added does not itself give some value to a public domain composition, or serve some purpose other than to merely emphasize what is present and subsisting in the public domain, it is not entitled to copyright. Cf. Norden v. Oliver Ditson Co., Inc., D.C., 13 F.Supp. 415. In other words, if all that an author of a musical composition does is to add a mechanical application of sound to a word that is itself not copyrightable, and adds the same to a descriptive phrase already dedicated to the public domain, without the use of even the most simple harmonious chords, he has no musical composition subject to copyright. Cf. Shapiro, Bernstein & Co., Inc. v. Miracle Record Co., Inc., D.C., 91 F.Supp. 473. Any skilled or unskilled musician might readily make or produce such a composition. It was not the intent of the Congress that such matters would be the subject of copyright.

██ With the above in mind, what did the plaintiff here do to sustain a claim of copyright? To a descriptive phrase, (Time for Muehlebach) admittedly in the public domain by dedication by defendant, he added "Tic Toc" and scaled such addition and phrase to two notes in the commonest scale of music at the tempo of a clock, to produce the background sound of a clock ticking, for a jingle. That the music claimed for his jingle is too simple to be copyrightable, that it is a mere copy of what has been in the public domain of all music for centuries, and that it may be reproduced, mechanically, by a clock, and is, therefore, standing alone, not fit material or subject for copyright, should need no fortifying authority. See, however, Bernstein & Co. v. Miracle Record Co., D.C., 91 F.Supp. 473, where Judge Igoe aptly said: "The purpose of the copyright law is to protect creation, not mechanical skill," and that the "bass" of Yancey Special was "too simple to be copyrightable." Furthermore, plaintiff claims no originality in the term "Tic Toc" nor arrangement of the musical notes as used in connection therewith. That the musician who plaintiff says placed such notes, to scale, on paper could not claim any originality for

the arrangement of such notes is obvious. We have no hesitancy in ruling that plaintiff has no copyright to the music of his jingle.

Nor does he have a copyright because he was the first to use the words "Tic Toc, Tic Toc, Time for Muehlebach" which is the main premise for his claim of copyright. "Tic Toc", though a variation of the dictionary term "Tick Tock", is admittedly not copyrightable. To add such term to the descriptive phrase, "Time for Muehlebach," and set such addition and phrase to the sound and tempo of a clock ticking adds nothing original either to that which was already existing, or indicated, comprehended, and understood by use of the word "time" in the above descriptive phrase. "Time" is variously defined by Webster in the New International Dictionary, 2nd Ed. One such definition is "a definite moment, hour, day or year, as indicated or fixed by a clock * * *. A fitting moment, proper or due season, favorable opportunity; as now is the *time* to buy this stock." "Tick Tock" is merely the ticking sound of a clock which indicates passing of "time". To give metrical or rhythmical value to "time" by the ticking of a clock does not significantly change or modify in the least what is fully expressed or implied by the term "time" itself.

Therefore, plaintiff's jingle, measured by all that plaintiff can claim under his copyright, is the addition to "Time for Muehlebach" of the phonetic sound, "Tic Toc", which denotes time itself. That such sound is not original and is the least possible expression that could be added to that descriptive phrase is the most that can be said for such jingle. Such insignificance is not copyrightable, because among other things as above indicated, "time" has long been a referent to "Muehlebach" beer.

Plaintiff has no claim for copyright infringement against defendant as a matter of law, because he has no valid copyright. Plaintiff's complaint should be, and the same is hereby, dismissed. It is so ordered.