Mark W. McINTYRE, Plaintiff,

v.

DOUBLE-A MUSIC CORPORATION, a corporation, Bregman, Vocco and Conn, Inc., a corporation, Defendants.

Civ. A. No. 20868-T.

United States District Court
S. D. California,
Central Division.

Nov. 24, 1959.

Arthur S. Katz, Los Angeles, for plaintiff.

Abraham Marcus, Beverly Hills, for defendants.

SOLOMON, District Judge.

This case is now before the court on plaintiff's motion for a new trial.

Originally, I held that plaintiff was not entitled to common law protection for his arrangement of the song, "Tonight You Belong to Me", on the ground that his arrangement evidenced no significant element of originality, and on the alternative ground that his distribution of the arrangement in the form of a record was a "publication" which operated to divest him of his common law rights.

In his motion for a new trial, plaintiff contends that the court erred in failing to hold

(1) that the defendants were estopped from denying the originality of the work, since they filed a claim to copyright the arrangement in which they represented that it contained original, copyrightable material;

(2) that the plaintiff's arrangement was original;

(3) that distribution of records is not "publication", and

(4) that, since plaintiff could not have obtained statutory copyright for his arrangement, "publication" would not operate to divest him of his common law rights.

We did not find, nor can we now find, that defendants' representations for purposes of copyright either misled plaintiff or had the effect of placing him at a disadvantage in this proceeding. Under such circumstances, California courts will not hold a party estopped from changing his mind. See, e. g. Lusitanian-American Development Co. v. Seaboard Dairy Credit Corp., 1934, 1 Cal.2d 121, 34 P.2d 139; George v. Department of Alcoholic Beverage Control, 1957, 149 Cal.App.2d 702, 308 P.2d 773; Marks v. Bunker, 1958, 165 Cal.App.2d 695, 332 P. 2d 340.

We are still of the opinion that plaintiff's arrangement lacked originality. We agree that the copyright test of "originality" is not so severe a standard as the patent tests of "invention" and "novelty". Wihtol v. Wells, 7 Cir., 1956, 231 F.2d 550. Nevertheless, the courts have consistently held that "originality" requires some element of creativity, and creativity is totally lacking in this case. Norden v. Oliver Ditson Co., D.C.Mass.1936, 13 F.Supp. 415; Shapiro, Bernstein & Co. v. Miracle Record Co., D.C.Ill.1950, 91 F.Supp. 473.

In view of these holdings, it is unnecessary for us to consider plaintiff's further specifications of error. However, we observe that although it may be that plaintiff could not have obtained statutory copyright for his arrangement, we do not consider this fact controlling, as we are in agreement with the position taken by Judge L. Hand in RCA Mfg. Co. v. Whiteman, 2 Cir., 1940, 114 F.2d 86, certiorari denied 311 U.S. 712, 61 S.Ct. 393, 85 L.Ed. 463.

Plaintiff's motion is denied.