## M. WITMARK & SONS v. STANDARD MUSIC ROLL CO.

(District Court, D. New Jersey. April 27, 1914.)

1. COPYRIGHTS (§ 66*)—EXTENT OF RIGHT—COMPONENT PARTS OF WORK.

Where a copyright for a musical composition, consisting of words and music, was obtained, but the words and the music were not copyrighted separately, as might have been done, the copyright did not protect the words alone, and was not infringed, under the law in force prior to Copyright Act March 4, 1909, c. 320, 35 Stat. 1075 (U. S. Comp. St. Supp. 1911, p. 1472), by the inclusion, with perforated rolls for the mechanical reproduction of the music, of the printed words.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 63; Dec. Dig. § 66.*]

2. COPYRIGHTS (§ 66*)—INFRINGEMENT—MECHANICAL REPRODUCTION.

Copyrighted musical notations, in writing or printing, are not infringed by the mechanical reproduction of the music.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 63; Dec. Dig. § 66.*]

3. COPYRIGHTS (§ 66*)—EXTENT OF RIGHTS—COMPONENT PARTS OF THE WORK.

Under Copyright Act March 4, 1909, c. 320, § 3, 35 Stat. 1076 (U. S. Comp. St. Supp. 1911, p. 1473), which provided that the copyright for work shall protect all copyrightable component parts of the work, a copyright of a musical composition includes a copyright of the words thereof, and is infringed by a reproduction of them.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. § 63; Dec. Dig. § 66.*]

In Equity. Bill by M. Witmark & Sons against the Standard Music Roll Company for infringement of a copyright. On demurrer. Bill dismissed in part, and sustained in part.

Nathan Burkan, of New York City, for complainant.
Louis M. Sanders, of Orange, N. J., for defendant.

BRADFORD, District Judge. The bill in this case is brought by M. Witmark & Sons, an incorporated company, against the Standard Music Roll Company, also incorporated, and charges infringement by the defendant of two copyrights owned by the complainant, and prays for an accounting, etc. It appears, among other things, from a stipulation filed in the case by the counsel for the parties that the complainant is engaged in the business of publishing and dealing in musi-

cal works; that the defendant is engaged in the business of manu-facturing and vending perforated rolls or parts of musical instruments serving to reproduce mechanically musical compositions; that George L. Graff, Jr., prior to December 30, 1910, "originated, devised, created and wrote the words or lyrics of a new and original musical composition entitled 'Till the Sands of the Desert Grow Cold' "; that thereafter and prior to December 30, 1910, new and original music was composed for said words by Ernest R. Ball; that December 30, 1910, Graff and Ball duly assigned, transferred and sold all their right, title and interest in and to the above mentioned musical composition and the words and music thereof, and the right to secure copyright therefor, to the complainant; that the complainant duly secured copyright for the above mentioned musical composition January 31, 1911, and procured the registry of the same according to law; that September 23, 1912, the complainant entered into a certain agreement with the defendant for the mechanical production of the music of "Till the Sands of the Desert Grow Cold"; that Caro Roma prior to August 10, 1908, "originated, devised, created and wrote the words or lyrics of a new and original musical composition entitled 'In the Garden of My Heart' "; that prior to the tenth day of August, 1908, new and original music was composed for said words by Ernest R. Ball; that August 10, 1908, Roma and Ball duly assigned, transferred and sold all their right, title and interest in and to the last mentioned musical composition and the words and music thereof, and the right to secure copyright therefor, to the complainant; that the complainant duly secured copyright for the above mentioned musical composition October 17, 1908. The agreement of September 23, 1912, between the complainant and defendant referred to in the stipulation is evidenced by two letters, of which the portions material to the case are as follows:

"Orange, N. J., September 20, 1912.

"M. Witmark & Sons, N. Y. City—Gentlemen: Would request that you kindly grant us your permission to use the complete music of 'Till the Sands of the Desert Grow Cold,' at the two cent rate. * * *

"Thanking you in advance we remain,

"Yours very truly,                                    Standard Music Roll Co.
                                                      "Per M. P."

"New York, Sept. 23, 1912.

"Standard Music Roll Co., Orange, N. J.—Gentlemen: As requested in your favor of the 20th inst. we hereby grant you permission to mechanically reproduce 'Till the Sands of the Desert Grow Cold' according to the terms and conditions of the copyright law. * * *

"Very truly yours,                                     M. Witmark & Sons."

[1-3] It appears from the evidence that the defendant not only mechanically reproduced the music of the above mentioned two musical compositions, but without the permission or license of the complainant inclosed with the perforated rolls for the mechanical reproduction of the music the words of the two musical compositions. The musical composition "In the Garden of My Heart" was copyrighted prior to the copyright act of March 4, 1909. Copyright was obtained only for the musical composition, consisting of music and words. No copyright was obtained for the words in contradistinction to the music,

or for the music in contradistinction to the words. The words could have been separately copyrighted; the music could have been separately copyrighted; and the words and the music could be copyrighted as a musical composition, which was done. It is true that the copyright of a composition of words or of musical notation extends to all parts of the musical notation or of the words. In this case, however, what was copyrighted was the music in conjunction with the words, constituting a musical composition. Under what I understand to be the underlying principle of the case of White-Smith Music Co. v. Apollo Co., 209 U. S. 1, 28 Sup. Ct. 319, 52 L. Ed. 655, 14 Ann. Cas. 628, copyrighted musical notation in writing or print was not infringed and could not have been infringed by the mere mechanical reproduction of the music. Hence, the inclosing of the words of the musical composition with the perforated rolls could not infringe the copyrighted musical composition "In the Garden of My Heart." I have reached the conclusion that with respect to the charge of infringement of "In the Garden of My Heart" the bill must be dismissed. On the other hand, from the examination I have been able to give the subject, I think the bill must be sustained with respect to the charge of infringement of "Till the Sands of the Desert Grow Cold." That musical composition was copyrighted, as above stated, under the act of March 4, 1909, c. 320, 35 Stat. 1076 (U. S. Comp. St. Supp. 1911; p. 1472), which, unlike the prior legislation on copyright, contains the following provision:

"Sec. 3. That the copyright provided by this act shall protect all the copyrightable component parts of the work copyrighted, and all matters therein in which copyright is already subsisting, but without extending the duration or scope of such copyright. The copyright upon composite works or periodicals shall give to the proprietor thereof all the rights with respect thereto which he would have if each part were individually copyrighted under this act."

The words were copyrightable, the music was copyrightable, and the composite work, namely, the musical composition, was copyrighted; and, under the above provision, the complainant, under his copyright for the musical composition, was as clearly entitled to prevent the unauthorized use of the words entering into and constituting a component part of the musical composition as if the words had been separately copyrighted. While the defendant might under the provisions of the act have mechanically reproduced the words as well as the music of the musical composition, it had no right, without the leave or license of the complainant to supply, not by mechanical means, but simply by printing or writing, the words of that composition.

The bill must, therefore, be dismissed in so far as it complains of infringement of "In the Garden of My Heart" and sustained in so far as it charges infringement of "Till the Sands of the Desert Grow Cold." Let a decree in accordance with this opinion be prepared and submitted.