### COOPER v. JAMES.

#### (District Court, N. D. Georgia. May 16, 1914.)

#### No. 37.

COPYRIGHTS (§ 12*)—SUBJECTS OF COPYRIGHT—MUSICAL COMPOSITIONS.

The addition of alto parts to well-known hymns, sung for years with only the three parts of soprano, tenor, and bass, is not such a new and original work as entitles the composer to a copyright.

[Ed. Note.—For other cases, see Copyrights, Cent. Dig. §§ 14, 15; Dec. Dig. § 12.*]

In Equity. Suit by W. M. Cooper against J. S. James. Bill dismissed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Candler, Thomson & Hirsch, of Atlanta, Ga., for plaintiff.

Albert Kemper, of Atlanta, Ga., and J. S. James, of Douglasville, Ga., for defendant.

NEWMAN, District Judge. This is a bill in equity, brought by the plaintiff against the defendant, alleging the infringement of what is alleged to be a copyright for the revising, improving, and remodeling of a book known as "The Sacred Harp." It appears from the record that a song book called "The Sacred Harp" was issued as far back as 1869, and perhaps earlier. All rights to this song book had expired prior to 1902, when Cooper issued a book called "The Sacred Harp." The greater part of Cooper's improvement was preparing what is known as "altos" to the songs contained in the book. Cooper claims that James issued a book in 1911 in which he used the altos which he prepared and used in his book published in 1902.

It seems that the songs in the original song book called "The Sacred Harp," published in 1869, had only three parts, that is, what are now known as soprano, tenor, and bass, and that Cooper attempted in 1902 to copyright a book issued by him containing these same tunes, with the same or substantially the same soprano, tenor, and bass, but with altos added thereto. Although denied in an answer filed in the case, it is necessary, perhaps, as the case is now heard, to assume that the altos used in James' book, issued in 1911, are substantially the same as in Cooper's book, so that the question is whether, from the record now before the court, an alto is such an addition to a piece of music already having the other three parts as would make it the subject of a legal copyright; that is, with such well-known tunes in the Gospel Hymnals as "Coronation," "The Promised Land," and "Nearer, My God, to Thee," which had been sung for years with only the three parts named above, is the preparation or making of an alto such an original composition as can be copyrighted.

The rule laid down by Mr. Justice Nelson in Jollie v. Jaques et al., Fed. Cas. No. 7,437, is this:

"The musical composition contemplated by the statute must, doubtless, be substantially a new and original work, and not a copy of a piece already produced, with additions and variations, which a writer of music with experience and skill might readily make."

These altos that are prepared to the tunes in both Cooper's book and James' book, while probably made by musicians of experience and some skill, are not necessarily the productions of persons having the gift of originality in the composition of music. An alto may be an improvement to a song to some extent, and probably is; but it can hardly be said to be an original composition, at least in the sense of the copyright law. In patents we say that any improvement which a good mechanic could make is not the subject of a patent, so in music it may be said that anything which a fairly good musician can make, the same old tune being preserved, could not be the subject of a copyright.

The original Sacred Harp of 1869 and Cooper's book of 1902, 1907, and 1909, and James' book of 1911 are all, by agreement of counsel,

before the court for examination and a part of the record in the case for present purposes. In my opinion Mr. James has not infringed any legal rights of Cooper to the Sacred Harp, or as to any alleged improvement made by Cooper in the Sacred Harp over that published in 1869.

The facts upon which the conclusion in this case is based appear clearly from the record as presented here, in connection with the different books containing the music, which are either exhibits or used on this hearing by consent of counsel; the important fact being that the altos to these tunes are mere improvements, by adding another part to well-known, old-fashioned tunes, to which no one, so far as the tunes are concerned, claims or can claim to have any special rights whatever.

There is a motion by the defendant to dismiss upon several grounds. The third ground of this motion is as follows:

"The alto claimed to be infringed as a matter of law is no infringement, for defendant insists that no alto to a tune already having the other three parts is copyrightable, so as to keep other composers from publishing altos to such tunes, and this is all complainant claims defendant did. He does not claim that defendant infringed on any tunes in his book that were not in the Sacred Harp in 1869, and the books by reference to them show this fact."

In the view I have of the case, this motion should be sustained, and a decree may be entered dismissing the bill for the reason stated above; that is, that the addition of an alto to a well-known tune is not such a "substantially new and original work" as entitles the person adding such alto to a copyright