## NORDEN v. OLIVER DITSON CO., Inc.

### No. 4014.

District Court, D. Massachusetts.
Jan. 9, 1936.

Elbridge R. Anderson and Stanley S. Ganz, both of Boston, Mass., for plaintiff.

Fish, Richardson & Neave and Harrison F. Lyman, both of Boston, Mass., and Henry N. Paul, of Philadelphia, Pa., for defendant.

McLELLAN, District Judge.

This suit arises under the Federal Copyright Laws (U.S.C. title 17 [17 U.S.C.A. § 1 et seq.]). The bill of complaint seeks to enjoin the defendant, its agents, servants, and attorneys from printing, publishing, exposing for sale, and/or selling its composition entitled "O Light Divine" by Alexander Arkhangelsky, or any composition essentially copied from the complainant's composition of Arkhangelsky's "O Gladsome Light," so long as the copyright in the latter composition is entitled to protection. The bill also prays for an accounting and for damages.

There is very little dispute as to the facts. The plaintiff has had an extended musical education, has conducted numerous choruses and orchestras, and is a church organist and choir master. He has taught musical theory, edited choral works and composed for choruses, orchestras, and instruments in various combinations. In 1912, he became interested in Russian choral music and from that time until after the outbreak of the World War, when it became impossible to obtain it, imported considerable music from Russia. Russian music was at all times material to this case within the public domain and might be used freely by any one. Among the Russian compositions so imported was one by Alexander Arkhangelsky, the composition involved in this suit. This Russian hymn, known as the Hyman of Sophronius, the words of which were written by a Greek centuries ago, is well known in various liturgies and many translations into English have been made. The plaintiff made an adaptation of this Russian hymn for choral use without accompaniment. In so doing he took the original Russian words, found their meaning in Russian dictionaries, compared them with previous translations, and occasionally inserted words which he did not find in any English translation. In adapting the resulting text to the music of Arkhangelsky, he left the harmony or the pitches of the notes as in the original. To the extent that the number of syllables in the translation differed from the number of syllables in the Russian words used by Arkhangelsky, rhythmical changes in the music were required. These were made for the purpose of adapting Arkhangelsky's music to the translated text.

On or about June 4, 1914, the plaintiff filed an "Application for Copyright-Republished Musical Composition with New Copyright Matter." The application stated that the title of the musical composition was "O Gladsome Light, Arkhangelsky" and that the exact new matter on which the copyright was claimed was "Adaptation of English Text to the Russian music of Arkhangelsky." Accompanying this application were copies of the musical composition which bore the following heading:

**O GLADSOME LIGHT.**

A. Arkhangelsky    for     The English Text
          Aeolian Choir   Adapted to the Music by N. Lindsay Norden M. A. Mus. Bac.

The same heading appears on some of the published copies, and on others the heading reads:

**O GLADSOME LIGHT.**

A. Arkhangelsky       The English Adaptation
                   by
             N. Lindsay Norden,
               M. A. Mus. Bac.

A certificate of copyright registration, Class E, XXc, No. 339806, was issued by the United States Copyright Office for "title, O Gladsome Light, for Aeolian Choir, Music by Arkhangelsky, Copyright claimed on Adaptation of English Text to Russian Music by N. Lindsay Norden, of United States."

In the beginning, copies of the plaintiff's adaptation were published by E. G. Soltman Company, of New York, and later by J. Fischer & Brother, of New York. All copies bore a notice of copyright as of 1914. At the time when J. Fischer & Brother began to publish this music, the plaintiff assigned to it the copyright, which was reassigned to him prior to the bringing of the present suit, "together with any and all rights of recovery for past infringements of the aforesaid copyrights either at law or in equity."

The defendant published the composition "O Light Divine," which the complainant alleges is a violation of his copyright. Mr. Fisher, vice president, editor, and publishing manager of the defendant corporation, prepared the copy for this composition from an edition of the plaintiff's adaptation published by J. Fischer & Brother. He never had seen the original Russian composition, but copied the J. Fischer & Brother edition of the music, changing the rhythm to meet the differences in the number of syllables of the text

used by him, and also changing certain notes or harmonies, in order to make the music more euphonious or more "singable." The words he took partly from an old hymn book and partly they were original with him. The only similarity between the words of the Norden edition and the Oliver Ditson edition is the word "light" in the title and near the beginning of the text and the word "divine" at the end of the fifth line, as appears in the following copy of each:

"O Gladsome Light.

"O gladsome Light of the holy glory of the Father, immortal, heav'nly, immortal, holy, blessed Jesus Christ.
Now that we are come to the sun's hour of rest, and the lights of evening 'round us shine,
We hymn the Father, Son, and Holy Spirit, ever Divine.
O worthy, worthy art Thou at all times, at all times to be sung with undefiled tongue, O Son of God.
Therefore all the world doth glorify Thee."

"O Light Divine.

"O Light divine! the world rejoices
As the morning breaks and shadows fly.
All nature blends her myriad voices
To greet the day-spring from on high.
O Light eternal, love divine,
Let Thy bright radiance around and in us shine.
Light eternal, shine, O shine upon us.
All glorious, evermore, all glorious,
From age to age Thou are the same unchanging Light.
O Light divine! break forth O glorious Light,
Our Light, our Life from on high."

In the early part of 1933, the plaintiff learned of the defendant's publication "O Light Divine" by Arkhangelsky. On or about February 16, 1933, due notice of the alleged infringement of the plaintiff's copyright was given to the defendant.

· The plaintiff urges that he was the author and composer of a new song, both words and music, though based upon an old song, and that he has a valid copyright in the whole which the defendant has infringed. The defendant contends that what the plaintiff did in making his version of Arkhangelsky's hymn could have been done by any one with a knowledge of music and did not involve authorship; that the copyright, if valid at all, is limited to

the adaptation of the English text to the Russian music of Arkhangelsky, as claimed on the application for copyright and on the published copies; and that the defendant had the right to adapt an entirely different English text to either Arkhangelsky's music or to the plaintiff's modified copy thereof.

The applicable sections of the copyright statute follows:

Title 17 U.S.C.A. § 3. "Protection of Component Parts of Work Copyrighted; Composite Works or Periodicals. The copyright provided by this title shall protect all the copyrightable component parts of the work copyrighted, and all matter therein in which copyright is already subsisting, but without extending the duration or scope of such copyright. The copyright upon composite works or periodicals shall give to the proprietor thereof all the rights in respect thereto which he would have if each part were individually copyrighted under this title."

Title 17 U.S.C.A. § 6: "Copyright on compilations of works in public Domain or of Copyrighted Works; Subsisting Copyrights Not Affected. Compilations or abridgements, adaptations, arrangements, dramatizations, translations, or other versions of works in the public domain, or of copyrighted works when produced with the consent of the proprietor of the copyright in such works, or works republished with new matter, shall be regarded as new works subject to copyright under the provisions of this title; but the publication of any such new works shall not affect the force or validity of any subsisting copyright upon the matter employed or any part thereof, or be construed to imply an exclusive right to such use of the original works, or to secure or extend copyright in such original works."

As stated in Jollie v. Jaques et al., Fed.Cas. No. 7,437: "The musical composition contemplated by the statute must, doubtless, be substantially à new and original work; and not a copy of a piece already produced, with additions and variations, which a writer of music with experience and skill might readily make." In Cooper v. James (D.C.) 213 F. 871, 872, holding that the addition of alto parts to well-known hymns previously published and sung with three parts is not such a new and original work as entitled the composer to a copyright, the court said: "In patents we say that any improvement which

a good mechanic could make is not the subject of a patent, so in music it may be said that anything which a fairly good musician can make, the same old tune being preserved, could not be the subject of a copyright." Gerlach-Barklow Company v. Morris & Bendien (C.C.A.) 23 F.(2d) 159, dealing with a painting, holds that works of art need not, like patents, disclose the originality of invention, but may present an old theme if there is distinguishable variation. The court said, 23 F.(2d) 159, at page 161: "While a copy of something in the public domain will not, if it be merely a copy, support a copyright, a distinguishable variation will." Other cases, such as those involving collection and compilation, stress independent labor rather than originality. See Yale University Press v. Row, Peterson & Co. (D.C.) 40 F.(2d) 290. But a composition, to be the subject of a copyright, must have sufficient originality to make it a new work rather than a copy of the old, with minor changes which any skilled musician might make. It must be the result of some original or creative work. See American Code Company v. Bensinger (C.C.A.) 282 F. 829; General Drafting Company v. Andrews (C.C.A.) 37 F.(2d) 54; Andrews v. Guenther Publishing Company (D.C.) 60 F.(2d) 555.

■ It seems clear in the case at bar that what the plaintiff did by way of adapting Arkhangelsky's music to the English words which he chose to use was not sufficient to constitute originality or creation, but resulted merely in a copy with minor changes. There were no changes in the original harmony; simply occasional changes in the length of certain notes. It remained "the same old tune." The Norden adaptation of Arkhangelsky's music was not copyrightable as such.

M. Witmark & Sons v. Standard Music Roll Company (D.C.) 213 F. 532, 534, is relied on by the plaintiff. In that case the music and words of a song were written by two different persons; each assigned his work to the complainant, who procured a copyright on the musical composition, consisting of the words and the music. The court said: "The words were copyrightable, the music was copyrightable, and the composite work, namely, the musical composition, was copyrighted; and, under the above provision [title 17 U.S.C.A. § 3, set forth above], the complainant, under

his copyright for the musical composition, was as clearly entitled to prevent the unauthorized use of the words entering into and constituting a component part of the musical composition as if the words had been separately copyrighted." But this case is distinguishable from the case at bar. In the Witmark Case the music was copyrightable as such because it was an original composition; in the instant case, the plaintiff's music, being merely a copy with minor changes of music in the public domain, was not copyrightable as such. In the Witmark Case the copyright covered the musical composition, viz., words and music; in this case, the plaintiff's copyright did not cover a musical composition of words and music, but if it be considered valid at all, covers nothing more than what he claimed for it when he filed his application in the Copyright Office and on the copies which were published, namely, the adaptation of the English text to the Russian music of Arkhangelsky.

I find nothing inconsistent with this in Italian Book Company, Inc., v. Rossi et al, (D.C.) 27 F.(2d) 1014, relied on by the complainant. In that case a Sicilian sailor sang and played his guitar on a long voyage. Sicilian folk songs he had heard and forgotten came back to his memory. He could not read music and such parts of the words and music as he could remember he sang and played by ear. What he could not remember he improvised. In this way he "learned" a song which he claimed as his own composition. This product differed in words and music from any version of the original which was proved, though the theme was the same and the music quite similar. The court said: "There must have been something which Citorello added which brought the old song back into popularity with his own people in this country, and sufficient, I think, to support his claim of copyright." The Italian sailor may be said to have done something creative or original in improvising portions of the words and music.

The conclusion is that the defendant was free to use the music of Arkhangelsky as it appeared in the plaintiff's slightly changed copy of it, in making an adaptation of another and different English text to that music.

The bill of complaint is to be dismissed.