Mark W. McINTYRE, Plaintiff,

v.

DOUBLE-A MUSIC CORPORATION, a
corporation, Bregman, Vocco and Conn,
Inc., a corporation, Defendants.

Civ. A. No. 20868-T.

United States District Court
S. D. California,
Central Division.

Sept. 30, 1958.

Arthur S. Katz, Los Angeles, Cal., for plaintiff.

Abraham Marcus, Beverly Hills, Cal., for defendants.

SOLOMON, District Judge.

Mark W. McIntyre, a music arranger, filed an action against Double-A Music Corporation, the present copyright proprietor of the song "Tonight You Belong To Me," and against its business agent, Bregman, Vocco and Conn, Inc., for (a) an injunction against their use of his arrangement of that song; (b) an accounting of the profits realized by the defendants from their use of that arrangement; and (c) exemplary damages.

Plaintiff bases his complaint on the theories of common-law copyright and unfair competition, relying on California law and the Lanham Trade-Mark Act.[1]

The musical composition "Tonight You Belong To Me" was written and copyrighted by Billy Rose and Lee David. In 1954, they assigned their renewal copyright rights to defendant Double-A Music Corporation. Although in the 1920's this had been a popular musical composition, it had been commercially moribund for a number of years. In 1956, plaintiff made an arrangement of this song. Without copyrighting the arrangement, as permitted by the Copyright Act, 17 U.S.C.A. § 1 et seq., he and his two minor daughters privately recorded this song with his arrangement. He sold the master record and the recording rights to Liberty Records, Inc., which subsequent to the record's release for public distribution, applied for and received permission to record mechanically the composition from the copyright owner under the compulsory licensing provisions of the Copyright Act, 17 U.S.C.A. § 1(e). The record was a "hit." Within a short time, more than a half-million records were sold to the public. As a result of the record's popularity, there was a demand for sheet music. Defendants, without plaintiff's permission, issued a revised edition of the sheet music, using plaintiff's arrangement without credit to him, and sold thousands of copies of this revised edition. Defendants also copyrighted the arrangement as their own.

Under the common law of copyright, once an author makes a general, as distinguished from a limited, publication of his work, he loses his common-law copyright protection. E. g. White v. Kimmell, 9 Cir., 1952, 193 F.2d 744; Warner Bros. Pictures v. Columbia Broadcasting System, 9 Cir., 1954, 216 F.2d 945, 948.

Here plaintiff made and caused to be sold for unlimited distribution to the general public hundreds of thousands of phonograph records of his arrangement. In my view, this was a general publication of plaintiff's arrangement and destroyed whatever rights he had in the arrangement under the common law of copyrights. Shapiro, Bernstein & Co. v. Miracle Record Co., D.C.Ill.1950, 91 F. Supp. 473; Blanc v. Lantz, Cal.Super.Ct.

---

1. 15 U.S.C.A. §§ 1051–1127, particularly 15 U.S.C.A. §§ 1121, 1125, 1126(b) (h) (i), and 1127.

1949, 83 U.S.P.Q. 137. See RCA Mfg. Co. v. Whiteman, 2 Cir., 1940, 114 F.2d 86; Mills Music, Inc., v. Cromwell Music, Inc., D.C.N.Y.1954, 126 F.Supp. 54.

General publication of this musical arrangement through its unrestricted sale placed it in the public domain. Thereafter, it was no longer available for statutory copyright. 17 U.S.C.A. § 8. Plaintiff could not have obtained one and the defendants' attempt was invalid.

Plaintiff has no cause of action based upon common-law copyright. Neither has he a cause of action based upon unfair competition because having made a general publication of his work, he had no protectible property right which the defendants appropriated. Having elected not to seek statutory copyright protection, plaintiff may not claim a monopoly of a work which he permitted to go into the public domain. See Fashion Originators Guild of America, Inc., v. Federal Trade Commission, 2 Cir., 1940, 114 F.2d 80, 83; Kaplan, Performer's Right and Copyright, 69 Harv.L.Rev. 409, 438 (1956).

The foregoing portion of this opinion assumes that plaintiff's arrangement was an original composition and therefore could have been the subject of copyright. However, I find plaintiff's composition was insufficient to qualify for either a common-law or a statutory copyright.

In 1954, over a national broadcast, Bing Crosby's sons sang a song entitled, "They Say," which was a composite of several songs. Later, plaintiff's daughters attended a summer camp, where they learned the same song. Plaintiff admits that his arrangement of "Tonight You Belong To Me" was taken from his daughters' rendition of "They Say." Plaintiff, however, asserts that in his arrangement he added material not contained in either rendition of "They Say." His contribution consists of an introduction; a repetition of the same theme in the breaks; several bars of harmony; and an ending. All this involved was the addition of certain incon-

sequential melodic and harmonic embellishments such as are frequently improvised by any competent musician. One expert testified that the introduction added by plaintiff was as commonplace among musicians as the fairy story beginning, "Once upon a time." These same bars and developments thereof were repeated throughout the song as breaks and as an ending. Such technical improvisations which are in the common vocabulary of music and which are made every day by singers and other performers, are *de minimis* contributions and do not qualify for copyright protection. Cooper v. James, D.C.Ga.1914, 213 F. 871; Norden v. Oliver Ditson Co., D.C. Mass.1936, 13 F.Supp. 415; Supreme Records, Inc., v. Decca Records, Inc., D.C.Cal.1950, 90 F.Supp. 904.

Plaintiff contends that defendants are estopped from denying that plaintiff's arrangement was original and substantial on the ground that defendants filed an application for copyright registration of this same arrangement. A certificate of registration is only prima facie evidence of the facts therein stated, 17 U.S.C.A. § 209, and such facts may be controverted by the defendants as well as by the plaintiff. Baron v. Leo Feist, Inc., D.C.N.Y.1948, 78 F.Supp. 686. Likewise, in order to claim estoppel, one must show detrimental reliance. This, plaintiff failed to do.

There is no merit in plaintiff's contention that he is entitled to relief because defendants failed to list him as the arranger on the sheet music and because they listed Kendall, one of their own employees, as the arranger instead of him on the copyright application.

I have already found that plaintiff's contribution to the arrangement used in his recording was *de minimis*. He was therefore not entitled to credit. In addition, established custom in the industry shows that on regular copies of sheet music, as opposed to instrumental editions, the arranger is not credited.

After publication, no one could validly claim a copyright on plaintiff's

**684**

arrangement even if it had been an original contribution. Defendants' listing of Kendall as the arranger in the registration form filed with the Register of Copyrights, information which rarely comes to the attention of anyone other than one making a copyright search, is not the basis of a cause of action nor could such false information have done plaintiff any damage.

Defendants shall submit appropriate findings of fact, conclusions of law and a judgment in favor of defendants, in accordance with this opinion.