198

NOM MUSIC, INC., Plaintiff-Appellee,

v.

William KASLIN, a/k/a Bill Chaplin, and Blanche Kaslin d/b/a Hull Record Company, Keel Music Publishing Co., Hull Records, Inc., Keel Music Publishing Co., Inc. and James Sheppard, Defendants-Appellants.

No. 168, Docket 29073.

United States Court of Appeals
Second Circuit.

Argued Nov. 13, 1964.

Decided April 2, 1965.

Miles J. Lourie, Orenstein, Arrow & Lourie, New York City, for plaintiff-appellee.

Elliot L. Hoffman, Beldock, Levine & Hoffman, New York City, for defendants-appellants.

Before LUMBARD, Chief Judge, and SWAN and WATERMAN, Circuit Judges.

LUMBARD, Chief Judge:

The defendants appeal from an interlocutory order of the Southern District of New York, which restrains them from publishing or otherwise exploiting a song, "Daddy's Home," in which they purport to hold a copyright. Judge Cooper found that their publication of the song infringed the plaintiff's valid copyright in an earlier song, "A Thousand Miles Away." Since we find that the plaintiff does have a valid copyright, we affirm the order of the district court.

The defendant, Keel Music Publishing Co., secured a statutory copyright in the lyrics and melody line of "A Thousand Miles Away" in 1956. Because the song was then unpublished, the copyright was secured under § 12 of the Copyright Act, which provides statutory copyright protection for unpublished works. Keel as-

signed the copyright to the plaintiff on December 13 of that year.

Keel's principal contention is that the plaintiff forfeited its copyright in "A Thousand Miles Away" by publishing it without the proper notice of copyright. The contention is based on the fact that the plaintiff published the song on December 27, 1956 under a copyright notice bearing its own name but did not record the assignment in the Copyright Office until January 16, 1957. The copyright notice, it is argued, therefore did not bear the name of the owner of record and thus failed to comply with the statutory requirement.

■ To secure copyright protection in a published work, a notice of copyright must appear on each copy, 17 U.S.C. § 10, and, in the case of a printed work, the notice must give the name of the copyright proprietor. 17 U.S.C. § 29. The dispositive question on this appeal is whether the plaintiff was the "proprietor" of the published version of "A Thousand Miles Away" during the weeks between December 27, 1956 and January 16, 1957.

Section 32 of the Copyright Act provides that:

"When an assignment of the copyright in a specified book or other work has been recorded the assignee may substitute his name for that of the assignor in the statutory notice of copyright prescribed by this title."

The effect of § 32 is that, where the copyright in a published work is assigned, the assignee becomes the proprietor of the assigned work for purposes of the copyright notice only after the assignment is recorded.[1] Much of the argument on this appeal has been directed at the question whether § 32 also applies where the statutory copyright is an unpublished work—a § 12 copyright—is assigned, that is, where the work is published for the first time after the assignment.

■ The district court held that § 32 does not apply in the latter case. Whether this is a proper view of the section's scope we do not decide, for we conclude that § 32 was inapplicable here on another ground: Even if we assume for purposes of § 29 that, prior to recording the assignment, the plaintiff was not the proprietor of the copyright received from Keel—a copyright in the lyrics and melody line—it was the proprietor of the copyright in the work which it published —a copyright in the music as arranged for the piano.

The legal significance of the addition of the piano arrangement stems largely from § 7 of the Act, which provides that musical arrangements, abridgments,

"or other versions of works in the public domain or of copyrighted works when produced with the consent of the proprietor of the copyright in such works * * * shall be regarded as new works subject to copyright under the provisions of this title; but the publication of any such new works shall not affect the force or validity of any subsisting copyright upon the matter employed or any part thereof, or be construed to imply an exclusive right to such use of the original works, or to secure or extend copyright in such original works."

The effect of the latter, qualifying portion of § 7 is to preserve the copyright, if any, in the original work as a separate legal entity with its own life span. In the instant case, for example, the copyright in the lyrics and melody line of "A Thousand Miles Away" will, if not renewed, expire 28 years from May 9, 1956 —the date on which they were copyrighted under § 12. The copyright in the arrangement, on the other hand, will not expire until 28 years from Decem-

1. See Group Publishers, Inc. v. Winchell, 86 F.Supp. 573 (D.C.S.D.N.Y.1949); Carter v. Hawaii Transportation Co., 201 F.Supp. 301, 304 (D.C.D.Hawaii 1961); DeSilva Construction Corp. v. Herrald, 213 F.Supp. 184, 192 (D.C.M.D.Fla.1962) (dictum).

ber 27, 1956—the date when that copyright was secured by publication with a proper copyright notice.

Since the published version of "A Thousand Miles Away" is in part protected by two different copyrights, which could have two different owners and do have two different expiration dates, it might appear that the copyright notice should give the date and proprietor of each. But such has not been the interpretation adopted by this and other courts. In part because of the statutory equation of a derivative work with a "new work," it has been held that the notice need give only the date and owner of the copyright in the derivative work, leaving the reader to his own devices in ferreting out this information as to the original. See National Comics Publications v. Fawcett Publications, 191 F. 2d 594, 598 (2 Cir. 1951) (L. Hand, J.), approving the opinion of the district court on this point, 93 F.Supp. 349, 352–353 (D.C.S.D.N.Y.1950) (date of copyright); West Pub. Co. v. Edward Thompson Co., 176 F. 833, 837 (2 Cir. 1910) (date of copyright); Wrench v. Universal Pictures Co., 104 F.Supp. 374, 378 (D.C.S.D.N.Y.1952) (owner of copyright).

 The plaintiff did base the claim which it filed in the Copyright Office on the addition of the arrangement: It indicated that a claim of copyright in part of the work had previously been registered—although by whom does not appear in its application—and that it was now claiming a copyright in "revised music." There is some ambiguity in the district court's consideration of this claim of copyright. The defendant apparently contended that the claim was made in bad faith since the arrangement was insufficiently original to constitute a new work, cf. McIntyre v. Double-A Music Corp., 166 F.Supp. 681, 683 (D.C. S.D.Calif.1958), and that the plaintiff's suit should therefore be dismissed on the ground of unclean hands. Judge Cooper quite properly rejected this contention. And, though it is not quite so clear, we think that he did not merely hold that the

claim of copyright was made in good faith but that he also sustained the claim.

Since the record amply supports Judge Cooper's conclusion, the plaintiff must be regarded as having a separate and valid copyright in the arrangement of "A Thousand Miles Away." As to this copyright, the plaintiff was the original proprietor; the only relevance of the assignment was that it amounted to consent from Keel to the plaintiff's use of the lyrics and melody line. Accordingly, § 32 does not apply, and the notice of copyright was proper.

We find the defendants' other contentions to be without merit, and we affirm the order of the district court.