**AMERICAN GREETINGS CORPORATION, Plaintiff,**

v.

**KLEINFAB CORPORATION, Defendant.**

**No. 75 Civ. 2908.**

United States District Court,
S. D. New York.
Sept. 15, 1975.

Williamson & Williamson, New York City, for plaintiff.

Proskauer, Rose, Goetz & Mendelsohn, New York City, for defendant.

## OPINION AND ORDER

OWEN, District Judge.

Plaintiff, American Greetings Corporation, claiming that defendant, Kleinfab Corporation, a fabric converter, in two of its fabric designs has infringed copyrights owned by plaintiff in the design of a gift wrap, a greeting card in an illustrated book, seeks a preliminary in-

junction enjoining further infringement by Kleinfab. Defendant while neither admitting nor denying the claim that its fabric designs were copied from plaintiff's creations, asserts that the plaintiff is not entitled to an injunction for the following reasons: 1) the alleged infringing works are not substantially similar to plaintiff's copyrighted materials, 2) plaintiff has forfeited its copyrights by publication without the notice required by 17 U.S.C. § 10 or by publication with a defective notice, 3) plaintiff is guilty of laches in seeking injunctive relief and 4) plaintiff will suffer no irreparable injury should preliminary relief be denied. I find none of them persuasive.

In considering defendant's first point, the test for determining whether infringement has occurred is "whether the average lay observer would find a substantial similarity in the designs." *Soptra Fabrics Corp. v. Stafford Knitting Mills*, 490 F.2d 1092, 1093 (2d Cir. 1974); *Concord Fabrics, Inc. v. Marcus Brothers Textile Corp.*, 409 F.2d 1315, 1316 (2d Cir. 1969). As to each of the allegedly infringing fabrics, I have no trouble in concluding that the standard has been satisfied.

Both plaintiff's gift wrap and defendant's fabric design #846 contain twelve repeating panels in a specified order. Defendant's panels are arranged in the same order and same relationship but transposed in a mirror image. With the exception of one panel, each of the panels of defendant's fabric are startlingly similar in figure and design to the corresponding panel on plaintiff's gift wrap. For example, in the tenth panel of each design, two girls are riding an old-fashioned tricycle containing a very tall front wheel with two pedals attached to it. The girls rest in exactly the same

positions on the tricycle, their dresses fall in identical fashion and have nearly identical design. Each girl higher up on the tricycle is wearing a nearly identical old-fashioned bonnet, while the other girl in each of the designs, has long hair tied by a ribbon. In both designs, in the panel above the girls, there appears a five pointed star turned about 30° from vertical surrounded by four rectangular pieces of patchwork of very similar design. The final panel on each design pictures a boy wearing a feathered hat and holding behind his back the hand of a girl wearing a broad rimmed hat with a tassel in the back. In both cases, the couple is standing in a field. The similarities behind these and other panels make the inference of deliberate copying of individual panels and the overall arrangement of the gift wrap inescapable to the lay observer.[1] Such differences in color and design that do exist are relatively minor.

With respect to defendant's fabric #905, the second alleged infringement, two panels are claimed to infringe on plaintiff's designs contained, respectively, in an illustrated book entitled "It's Nice to Have Birthdays" and a greeting card. There, too, defendant's design is startlingly similar to the plaintiff's. Defendant's fabric and the third page of the book both contain a picture of a girl looking at herself in an oval mirror. The mirror in both cases is a large oval mirror with an attached knob that appears to control the angle of the mirror. The mirrors in each design have nearly identical legs resting on floor boards. The girl looking in the mirror is in the exact same posture in both designs. She is wearing the same shoes. She has an identical line of switching running down the stocking on her right leg. The dresses worn by the girls in both cases

---

[1]. In this regard there is no dispute that defendant had access to plaintiff's copyrighted materials. In addition, I repeatedly offered defendant the opportunity of explaining how its patterns were made. Defense counsel, after repeated questioning on my part, admitted that while he interviewed the designers of defendant's fabrics and ascertained how the fabrics were designed, he would decline to make clear which source materials were used in designing defendant's fabrics. I can only infer that the answer to my question would have been that plaintiff's designs were copied by defendant.

have the same type of frills on the border, the same bow near the bottom, the same stitching running down the side and are similar in many other details. In much the same way, it is evident that defendant's fabric #905 contains a close copy of plaintiff's greeting card illustration of a girl popularly known as the "Holly Hobbie Blue Girl."

■ Defendant's second argument is that even if its fabrics are substantially similar to plaintiff's gift wrap, book illustration and greeting card, nevertheless plaintiff's publication of the relevant portions thereof with defective copyright notices has stripped plaintiff of its right to protection from infringement.[2] With respect to defendant's alleged infringement by fabric #905, defendant has demonstrated that the picture of plaintiff's "Holly Hobbie Blue Girl" has been used on plastic shopping bags, packages of soap, jars of bath oil, jars of body lotion and cosmetic sets without any copyright notice whatsoever. Plaintiff concedes that copyright notice was inadvertently omitted from at least 500,000 copies of the Blue Girl, but points out that approximately twenty-two million copies were printed overall. Thus plaintiff argues that since the omissions amount to only about 1% of total Holly Hobbie production, were totally by accident or mistake, and in no way responsible for misleading defendant or for defendant's copying, plaintiff is entitled to invoke 17 U.S.C. § 21 to retain copyright protection. That section provides:

> Where the copyright proprietor has sought to comply with the provisions of this title with respect to notice, the omission by accident or mistake of the prescribed notice from a particular copy or copies shall not invalidate the copyright or prevent recovery for infringement against any person who,

after actual notice of the copyright, begins an undertaking to infringe it, but shall prevent the recovery of damages against an innocent infringer who has been misled by the omission of the notice; . . .

Assuming plaintiff's version of the facts is true, a close question, which I might have been inclined to resolve in plaintiff's favor, is presented as to the applicability of 17 U.S.C. § 21. See, e. g. *United Merchants and Manuf. Inc. v. Sarne Co.,* 278 F. Supp. 162 (S.D.N.Y. 1967); *Kramer Jewelry Creations, Inc. v. Capri Jewelry Inc.,* 143 F. Supp. 120 (S.D.N.Y.1956). However, had infringement of the Hollie Hobbie Blue Girl been the only basis on which to enjoin fabric design #905, I would agree with defendant that before the applicability of 17 U.S.C. § 21 could be determined, it should be allowed to explore at a hearing 1) the extent to which omissions of the copyright notice of the Blue Girl did occur, 2) how they came into existence, 3) why they occurred on several different types of products and 4) why copies with omissions have been contained on products sold right up to the date of the hearing of this injunction.

■ However, since I find that defendant's fabric design #905 without question infringed the illustration of the girl in oval mirror contained in plaintiff's copyrighted book "It's Nice to Have Birthdays" and since that is no showing that the latter illustration was ever distributed with a defective copyright notice, there is no need to hold an evidentiary hearing. Defendant has introduced into evidence porcelain boxes which contain the oval mirror illustration under the inscription "Put on a Happy Face" on the top cover. In the illustration appears the inscription "© WWA" and affixed to the underside of

2. There is no dispute that plaintiff originally obtained copyright certificates for its gift wrap, birthday book and greeting card. (Exhibits 1, 4 and 7). Such certificates are *prima facie* proof of the validity of the copyright to which they refer, 17 U.S.C. §

209; *Herbert Rosenthal Jewelry Corp. v. Grossbardt,* 428 F.2d 551 (2d Cir. 1970). The issue here is whether plaintiff forfeited copyright protection by failure to protect its copyright when it affixed improper copyright notice to copies of its artwork.

the dish is either the inscription "© World Wide Arts Inc." or "© WWA Inc." beneath which is the year 1973 in Roman numerals. Defendant argues that the presence of two different inscriptions on the same work is confusing and defeats copyright protection. However, the copyright law specifically provides that in the case of an art design it is proper to affix a monogram on the face of the design preceded by the symbol © as long as the symbol © followed by the proprietor's full name appears elsewhere on the article. 17 U.S. C. § 19 provides:

> In the case, however, of copies of works specified in subsections (f) to (k), inclusive, of section 5 of this title, [which includes works of art] the notice may consist of the letter C enclosed with a circle, thus ©, accompanied by the initials, monogram, mark, or symbol of the copyright proprietor: *Provided,* That on some accessible portion of such copies or of the margin, back, permanent base, or pedestal, or of the substance on which such copies shall be mounted, his name shall appear. . . .

■ Defendant also claims that since plaintiff American Greeting Corp. and not WWA Inc. or World Wide Arts Inc. is the true copyright owner, the illustration of the girl in the oval mirror using the inscription of the latter corporations is ineffective because the true copyright proprietor is not named in the notice. However, as defendant concedes, where a corporate subsidiary of a copyright proprietor has the same officers, directors and shareholders as its parent, a copyright notice in its name is proper. *Na-*

*tional Comics Publications, Inc. v. Fawcett Publications, Inc.,* 191 F.2d 594, 602 (2d Cir. 1951); *B & B Auto Supply, Inc. v. Plesser,* 205 F.Supp. 36 (S.D.N. Y.1962).[3] The affidavit of Paul Ozan, plaintiff's Assistant Secretary, satisfies me that WWA Inc.[4] and World Wide Arts Inc. are or have been subsidiaries of American Greeting Corp. with identical officers, directors and shareholders. Defendant, demanding the opportunity to test these facts, was offered the chance of examining Mr. Ozan at the hearing but did not avail itself of the opportunity (Transcript of hearing August 18, 1975, pp. 78–9). Thus, I have no hesitancy at this time in accepting the validity of the use of WWA Inc. or World Wide Arts Inc. in place of American Greetings, Inc. on plaintiff's copyright notices.[5]

■■ Finally, defendant argues that since the year "1973" appears on the porcelain container depicting the girl in the oval mirror, plaintiff must forfeit copyright protection since the illustration of the girl was published in a 1967 book. Forfeiture, defendant argues, must result because post-dating a book copyright is an impermissible attempt to extend the period of statutory protection beyond that prescribed in the copyright law. Defendant's argument, however, ignores the fact that the oval mirror illustration appears with the inscription "Put on a Happy Face" which never appeared in the original book. With this addition plaintiff has created a derivative work containing additional matter making the later work distinguishable from the underlying work alone. 17 U. S.C. § 7.[6] Such work is independently

---

3. There is in addition some authority to the effect that if two copyright notices appear on the same items, one correct and one incorrect, and no confusion would result, no forfeiture of copyright protection will ensue. See the authorities cited in 1 Nimmer on Copyright § 91 (1975).

4. WWA Inc. is the full name of the successor corporation to World Wide Arts Inc. and not an abbreviation.

5. Should subsequent discovery reveal error in Mr. Ozan's affidavit, I would reconsider the need for a hearing on whether to continue the injunction against sale of defendant's fabric design # 905.

6. 17 U.S.C. § 7 provides:
   Compilations or abridgments, adaptations, arrangements, dramatizations, translations, or other versions of works in the public domain or of copyrighted works when pro-

copyrightable as a new and separate creation and no inscription concerning or reference to the underlying copyrighted work need be made. See 1 Nimmer on Copyright § 85.2 (1975):

> Another question unresolved by the statutory language [of 17 U.S.C. § 7] relates to the publication of a derivative work. If such a work incorporates material copyrighted by prior publication or by a prior registration as an unpublished work, should the notice for the derivative work contain the year of such prior publication or registration? The judicial decisions are clear that the notice contained on the derivative work need only contain the year of the first publication (or prior registration) of the derivative work *per se* and need not contain the earlier year of first publication or registration of any previously copyrighted material contained therein. . . . (footnotes omitted).

*Nom Music, Inc. v. Kaslin,* 343 F.2d 198 (2d Cir. 1965); *National Comics Publications, Inc. v. Fawcett Publications, Inc.,* 191 F.2d 594, 598 (2d Cir. 1951) approving the opinion of the District Court on this point, 93 F.Supp. 349 (S. D.N.Y.1950).

Accordingly I do not conclude that the plaintiff's copyright of the illustation of the girl in the oval mirror infringed by fabric # 905 has been forfeited through defective notice.[7]

■ With respect to fabric # 846, defendant's arguments claiming forfeiture by reasons of defective notice are even weaker. At best, defendant's attack could invalidate the copyrights to the illustrations of perhaps four of the eleven panels of the gift wrap copied on the fabric, even if all the objections were sustained. Thus, even if defendants were correct, fabric # 846 still copied several panels to which there is no claim of copyright invalidity. And most importantly, defendant's fabric # 846 copies the overall arrangement of the panels on plaintiff's gift wrap. Thus even if somehow plaintiff lost the copyright to all of the individual panels, defendant is not thereby permitted to infringe on plaintiff's copyrighted design arranging the panels in a distinct artistic pattern.

■ Defendant Kleinfab's third line of defense, that of laches, is easily disposed of. Plaintiff did not receive any information concerning the possibility of defendant's infringement until April 21, 1975.[8] Plaintiff's complaint was filed June 18, 1975; the application for preliminary injunction was brought August 7, 1975. The delay between plaintiff's first knowledge and the bringing of the injunction was not unreasonable given the plaintiff's desire to perform an adequate and responsible investigation, the need to correspond with and obtain documents from the office of the Register

---

duced with the consent of the proprietor of the copyright in such works, or works republished with new matter, shall be regarded as new works subject to copyright under the provisions of this title; but the publication of any such new works shall not affect the force or validity of any subsisting copyright upon the matter employed or any part thereof, or be construed to imply an exclusive right to such use of the original works, or to secure or extend copyright in such original works.

7. In the days immediately preceding the hearing plaintiff found others of its copyrighted greeting cards from which defendant apparently copied yet other panels of its fabric # 905. These were received as exhibits on the hearing. Not only do they fur-

ther evidence defendant's intentional copying of plaintiff's copyrighted works, but also would furnish additional grounds for enjoining further use of fabric # 905 were plaintiff's complaint to be amended to allege these newly discovered areas of infringement.

8. Defendant, however, was put on notice of their infringement on April 2, 1975, when an attorney acting on behalf of plaintiff's licensee Manes Fabric, Inc. wrote to Kleinfab informing Kleinfab that it was infringing plaintiff's copyrighted material. At this time plaintiff itself had no knowledge of infringement by defendant or that a letter concerning infringement had been written by its licensee to Kleinfab.

of Copyrights in Washington, D.C. and the need to communicate between plaintiff's home city of Cleveland and its New York attorneys in preparing the papers in this action. Moreover, I fail to see any prejudice to defendant even were plaintiff's delay unreasonable. Defendant claims only that since April 2, 1975 (rather than April 21, 1975 which is the relevant date to consider) it *shipped* 48,000 yards of fabric design # 846 and 137,000 yards of fabric design # 905. Thus it appears that defendant, if anything, profited by plaintiff's delay rather having been injured by it. Also defendant cannot claim to be surprised by plaintiff's August 7, 1975 application for a preliminary injunction. The complaint itself specifically states that preliminary injunctive relief would be requested by plaintiff against Kleinfab.

Finally, defendant argues that plaintiff will not suffer irreparable injury if injunctive relief is denied. It is well settled, however, that where, as here the moving party "has made out a prima facie case of copyright infringement, it is entitled to a preliminary injunction even without a detailed showing of danger of irreparable harm." *Uneeda Doll Co., Inc. v. Goldfarb Novelty Co., Inc.*, 373 F.2d 851, 852 (2d Cir. 1967), *petition for cert. dismissed*, 389 U.S. 801, 88 S.Ct. 9, 19 L.Ed.2d 56 (1968); *Meredith Corp. v. Harper & Row, Publishers, Inc.*, 378 F.Supp. 686 (S.D.N.Y.), *aff'd*, 500 F.2d 1221 (2d Cir. 1974). This standard is more than satisfied by the fact that the value of plaintiff's copyright will, in all probability, be immeasurably and permanently weakened by defendant's continued production of a design inferior in the quality of its execution and which fails to satisfy plaintiff's enforced quality control standards for products made with its copyright.

Finally, while I am aware of the fact that defendants are not barred from asserting the defense of the insufficiency of plaintiff's copyright notice simply because they were previously aware of the existence of plaintiff's copyright, *Puddu v. Buonamici Statutary, Inc.*, 450 F.2d 401 (2d Cir. 1971), nevertheless in balancing the equities involved on this motion and in resolving in a preliminary fashion the sufficiency of plaintiff's copyright notices, I cannot ignore the obvious fact that defendant appears to be a brazen infringer, attempting to retain the benefits of its piracy of plaintiff's design principally by raising technical defenses to defects in copyright notice upon which it makes no pretence of having relied. See *Uneeda Doll Co., Inc., v. Goldfarb Novelty Co., Inc., supra*.

Accordingly, plaintiff's motion for a preliminary injunction is granted. Settle order on notice.

So ordered.